IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DERRICK LEE BILLUPS,

    Plaintiff,                    1:06-CV-01014 ALA P

vs.

SERGEANT LOMELI, et al.,

    Defendants.            <u>ORDER</u>

_____/

    Plaintiff Derrick Billups is a state prisoner proceeding pro se and in forma pauperis in this civil rights actions pursuant to 42 U.S.C. § 1983.  On June 12, 2005, Plaintiff was assaulted by his cellmate. On August 4, 2006, Plaintiff filed this complaint against Defendants Lomeli, Espinosa, Chavez and Tennison.  All are employees of a governmental entity.

**I**

    Pursuant to 28 U.S.C. § 1915A(a), when the litigant is a prisoner, the court must screen complaints brought against a governmental entity or officer or employee of a governmental entity.  The court must dismiss the complaint if the claims contained in it, even when read broadly, are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or seek money damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(A)(b).  A claim "is frivolous [if] it lacks an arguable basis either in law or in fact." *Neitzke*

*v. Williams*, 490 U.S. 319, 325 (1989). "At this stage of the litigation, [this Court] must accept [Plaintiff's] allegations as true." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Id.*

"To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cr. 2006). The court has reviewed Plaintiff's complaint and finds that it states a colorable claim for relief against Defendants Lomeli and Chavez pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).

**II**

However, Plaintiff's complaint does not state a colorable claim against Defendant Espinosa. Plaintiff claims that Defendant Espinosa violated Plaintiff's rights under the Eighth Amendment. Specifically, Plaintiff claims that Defendant Espinosa tried to "cover over" Plaintiff's assault by minimizing Plaintiff's injuries and by making a false statement. Complaint at 9.

"A prisoner claiming an Eighth Amendment violation must show (1) that the deprivation he suffered was 'objectively, sufficiently serious;' and (2) that prison officials were deliberately indifferent to his safety in allowing the deprivation to take place." *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "The subjective component requires the inmates to show that the officials had the culpable mental state, which is ''deliberate indifference' to a substantial risk of serious harm.'" *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002) (quoting *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998)). "'Deliberate indifference' is evidenced only when 'the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and

he must also draw the inference.'" *Clement*, 298 F.3d at 904 (quoting *Farmer*, 511 U.S. at 837).

Plaintiff's allegations against Defendant Espinosa concern events that took place after Plaintiff was assaulted. Plaintiff has not alleged that Defendant Espinosa was aware that Plaintiff was in danger prior to being attacked or that Defendant Espinosa's actions after the attack were an attempt to silence Plaintiff. Plaintiff has merely alleged that Defendant Espinosa minimized Plaintiff's injuries and made a false statement. As such Plaintiff may not proceed against Defendant Espinosa.

**III**

Plaintiff's complaint also does not state a colorable claim against Defendant Tennison. Plaintiff claims that Defendant Tennison violated Plaintiff's First Amendment rights by taking retaliatory action against Plaintiff. Specifically Plaintiff alleges that Defendant Tennison, denied Plaintiff his due process right to redress and "withheld previous grievances filed by Plaintiff concerning alleged enemies and staff complaints." Complaint at 10.

Allegations of retaliation against a prisoner's First Amendment rights to speech may support a § 1983 claim. *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Id.* at 567-68; *see also Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989) (explaining that a plaintiff must plead facts which suggest "that the protected conduct was a 'substantial' or 'motivating' factor in the defendant's decision") (citation omitted).

It is unclear from the complaint what adverse action Defendant Tennison took against Plaintiff and whether that action did not reasonably advance a legitimate correctional goal. As such, Plaintiff cannot proceed against Defendant Tennison.

/////

**IV**

Plaintiff may proceed with this complaint against Defendants Lomeli and Chavez. Alternatively, Plaintiff may file an amended complaint. However, an amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading is superseded and serves no further purpose.

Any amended complaint must show that the federal court has jurisdiction and that Plaintiff's action is brought in the right place, that Plaintiff is entitled to relief if Plaintiff's allegations are true, and must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving Plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If Plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If Plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a

claim."); FED. R. CIV. P. 8.

Plaintiff must eliminate from Plaintiff's pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).

A district court must construe pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give a plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the compliant are true (even if doubtful in fact)." *Bell Atlantic Corporation v. Twombly*, ___ U.S. ___, 127 S.Ct. 1995, 1965 (2007) (citations omitted).

The court (and defendant) should be able to read and understand Plaintiff's pleading within minutes. *McHenry*, 84 F.3d at 1177. A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing Plaintiff's action pursuant to FED. R. CIV. P. 41 for violation of these instructions.

Plaintiff is admonished that by signing an amended complaint he certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. FED. R. CIV. P. 11. Prison rules require Plaintiff to obey all laws, including this one, and Plaintiff may be punished by prison authorities for violation of the court's rules and orders. *See* 15 Cal. Admin. Code § 3005.

A prisoner may bring no § 1983 action until he has exhausted such administrative

remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  *Booth v. Churner*, 532 U.S. 731, 741 (2001).  Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule Plaintiff risks dismissal of his action.

## V

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's claims against Defendants Espinosa and Tennison are dismissed for the reasons discussed above, with leave to file a first amended complaint within thirty-five (35) days from the date of this order.  Failure to file a first amended complaint will result in Defendants Espinosa and Tennison being dismissed from this action; and

2. Upon filing a first amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

/////

Dated: January 9, 2008

/s/ Arthur Alarcón
UNITED STATES CIRCUIT JUDGE
Sitting by Designation