**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

Derrick Lee Billups,  )
 ) CV-06-1014-DCB P
    Plaintiff,  )
 )
vs.  )
 ) **ORDER**
Sergeant Lomeli, et al.,  )
 )
    Defendants.  )
_____ )

Plaintiff, a state prisoner proceeding *pro se,* filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Finding the complaint, liberally construed, stated cognizable claims, the Court ordered service upon Defendants. On August 4, 2008, an Order was entered dismissing Defendant Chavez from this action, leaving the remaining Defendant Sergeant Lomeli. On September 8, 2008, Defendant Lomeli filed a motion to dismiss for Plaintiff's failure to exhaust administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Plaintiff filed an opposition to the motion, and Defendant did not file a reply. For the reasons discussed below, the Court will grant the motion and dismiss the unexhausted claims without prejudice.

**DISCUSSION**

In his complaint, Plaintiff alleges that while housed at the Sierra Conservation Center (SCC) on June 12, 2005, he informed Defendant Lomeli that he feared for his safety in being housed with his cellmate.

Plaintiff claims that Defendant Lomeli refused to move Plaintiff to another cell. Plaintiff further claims that soon after Defendant Lomeli refused to move him, Plaintiff was assaulted by his cellmate.

Plaintiff pursued a inmate grievance at SCC to the First Level of review, where he requested that staff investigate his claims. Plaintiff's request was granted at the first level in that staff investigated claims of staff misconduct and found that Plaintiff's claims were unsubstantiated. Plaintiff did not pursue his appeal to the second level of review, instead choosing to file a third level grievance. Plaintiff's third level grievance was rejected because Plaintiff failed to properly pursue his appeal to the second level of review.

Defendant Lomeli argues that Plaintiff failed to administratively exhaust his claims and therefore those claims should be dismissed for failure to exhaust administrative remedies in accordance with 42 U.S.C. § 1997e(a). Plaintiff insists that he has administratively exhausted all his claims. The Court will review the history of the inmate appeals filed by Plaintiff based upon the documents he has submitted with his Complaint and Opposition, as well as the documents submitted by Defendant to determine the merits of this motion.

The Prison Litigation Reform Act of 1995, Pub.L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and no longer left to the discretion of the district court. *Woodford v. Ngo,* 548 U.S. 81 (2006) (citing *Booth v.*

*Churner,* 532 U.S. 731, 739 (2001)). "Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards." *Id.* Even when the relief sought cannot be granted by the administrative process, *i.e.,* monetary damages, a prisoner must still exhaust administrative remedies. *Id.* at 2382-83 (citing *Booth,* 532 U.S. at 734).

"The text of 42 U.S.C. § 1997e(a) strongly suggests that the PLRA uses the term 'exhausted' to mean what the term means in administrative law, where exhaustion means proper exhaustion." *Id.* at 2387. Therefore, the PLRA's exhaustion requirement requires "proper exhaustion" of available administrative remedies. *Id.* "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 2386 (footnote omitted). In other words, the PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Id.* at 2382. Furthermore, administrative remedies may not be exhausted where the grievance, liberally construed, does not have the same subject and same request for relief. *See generally O'Guinn v. Lovelock Correctional Center,* 502 F.3d 1056, 1062-63 (9th Cir.2007) (even with liberal construction, grievance requesting a lower bunk due to poor balance resulting from a previous brain injury was not equivalent to, and therefore did not exhaust administrative remedies for, claims of denial of mental health treatment in violation of the ADA and Rehabilitation Act).

The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon

3

1  their welfare." Cal.Code Regs. tit. 15, § 3084.1(a). It also provides
2  its inmates the right to file administrative appeals alleging misconduct
3  by correctional officers. *See id.* § 3084.1(e). In order to exhaust
4  available administrative remedies within this system, a prisoner must
5  proceed through several levels of appeal: (1) informal resolution, (2)
6  formal written appeal on a CDC 602 inmate appeal form, (3) second level
7  appeal to the institution head or designee, and (4) third level appeal
8  to the Director of the California Department of Corrections and
9  Rehabilitation. *Id.* § 3084.5; *Barry v. Ratelle,* 985 F.Supp. 1235, 1237
10 (S.D.Cal.1997). This satisfies the administrative remedies exhaustion
11 requirement under § 1997e(a). *Id.* at 1237-38.

12     Here, Defendant argues that Plaintiff attempted to bypass the
13 second level of review in the grievance process. If Plaintiff was
14 dissatisfied, he should have continued his grievance to the second level.
15 Plaintiff's failure to do so deprived SCC and CDCR of the opportunity to
16 fully address his concerns before having to incur the expense of
17 defending this lawsuit. By initiating a lawsuit without exhausting his
18 administrative remedies, Plaintiff deliberately attempted to bypass the
19 prison appeals system.

20     On August 4, 2005, Plaintiff received a First Level Response:
21 Appeal Decision granted. "This appeal has been granted as the issue has
22 been investigated resulting in the allegations not being sustained."
23 (Opposition, Ex. D.)  Plaintiff received a September 15, 2005 ScreenOut
24 memorandum which indicated that "requested action has been granted at a
25 lower level and no further action is required." (Opposition, Ex. A.) On
26 September 21, 2005, it appears that a notation "ByPass" was made next to
27 the Informal Level and Formal Level on the Appeal Form. (Opposition, Ex.

1  D.)  A November 8, 2005 letter indicating that "The form must be
2  completed through the Second Level of Review on behalf of the Warden or
3  Parole Region Administrator.  Your appeal was rejected, withdrawn or
4  cancelled.  If you disagree with that decision, contact the Appeals
5  Coordinator."  (Opposition, Ex. C.)  The remainder of the documents
6  submitted by Plaintiff are medical records relating to the merits of the
7  claim.

8      Based on the Affidavits attached to the Defendant's Motion to
9  Dismiss, Plaintiff did not pursue his appeal beyond the first level of
10 review, (Aff.A), and verified no appeals at the second or third levels
11 (Aff. B.) A prisoner must exhaust his available administrative remedies
12 *before* he or she filed suit, even if the prisoner fully exhausts while
13 the suit is pending. *McKinney v. Carey,* 311 F.3d 1198, 1199 (9th Cir.
14 2002). Plaintiff did not fully exhaust this claim at the time he filed
15 the complaint.

16     Although Federal Rule of Civil Procedure 12 does not explicitly
17 address exhaustion, the Ninth Circuit has held that the failure to
18 exhaust nonjudicial remedies "should be treated as a matter in abatement
19 subject to an unenumerated Rule 12(b) motion." *Wyatt v. Terhune*,315 F.3d
20 1108, 1119 (9th Cir. 2003). Authority for the "unenumerated" 12(b) motion
21 derives from this Court's inherent power to regulate actions, including
22 authorizing motions not explicitly recognized by the rules. *Ritza v.*
23 *Int'l Longshoremen's and Warehousemen's Union,* 837 F.2d 365, 369 (9th
24 Cir. 1988). "In deciding a motion to dismiss for failure to exhaust
25 nonjudicial remedies, the court may look beyond the pleadings and decide
26 disputed issues of fact." *Wyatt,* 315 F.3d at 1119-1120. Because no
27 presumption of truthfulness attaches to plaintiff's allegations in such
28

1 matters, the court may resolve any disputed material facts before
2 proceeding further. *Ritza*, 837 F.2d at 368-69. If the court concludes
3 that the prisoner has not exhausted nonjudicial remedies, the proper
4 remedy is dismissal of the claim without prejudice. *Wyatt*, 315 F.3d at
5 1120.

**CONCLUSION**

7   Having considered all the evidence submitted by both parties, the
8 Court finds that Defendant has met his burden to demonstrate that
9 Plaintiff failed to exhaust available administrative remedies.
10 Plaintiff's contention that he was precluded from filing the second level
11 review is not borne out by the submitted evidence. Plaintiff does not
12 submit evidence of submission, receipt and review of the second level
13 review. Plaintiff does submit evidence that the third level review was
14 denied because there was no second level review.  The proper remedy is
15 dismissal without prejudice. *Wyatt,* 315 F.3d at 1119-20.  Based on the
16 Court's finding that Plaintiff did not exhaust the available
17 administrative remedies prior to filing suit, the Court does not reach
18 Plaintiff's or Defendant's other claims or arguments.
19   Accordingly,
20   IT IS ORDERED that Defendant's Motion to Dismiss (Doc. No. 19) is
21 GRANTED. This action is DISMISSED without prejudice and the action is
22 closed.  A Final Judgment shall enter separately

23   DATED this 5th day of March, 2009.

David C. Bury
United States District Judge